UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

          - v. -

DOUGLAS SHYNE,
NATASHA SINGH,
a/k/a "Beatris Rodrigues,"
CHRISTINE RICHARDSON,
NATHANIEL SHYNE,
TOYBE BENNETT,
a/k/a "Dmitriy Makarevich,"
a/k/a "Dmitriy Makervish,"
a/k/a "Eduardo Rodrigues,"
a/k/a "Cecilio Pena," and
ROBERTO MONTGOMERY,

                    Defendants.

- - - - - - - - - - - - - - - x

SUPERSEDING INDICTMENT

S1 05 Cr. 1067 (KMK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 09

COUNT ONE

(Bank Fraud Conspiracy)

The Grand Jury charges:

1.  From at least in or about December 2003 through in or about July 2004, in the Southern District of New York and elsewhere, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," CHRISTINE RICHARDSON, and TOYBE BENNETT, a/k/a "Dmitriy Makarevich," a/k/a "Dmitriy Makervish," a/k/a "Eduardo Rodrigues," a/k/a "Cecilio Pena," the defendants, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1344.

2

2.    It was a part and an object of the conspiracy that DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," CHRISTINE RICHARDSON, and TOYBE BENNETT, a/k/a "Dmitriy Makarevich," a/k/a "Dmitriy Makarvish," a/k/a "Eduardo Rodrigues," a/k/a "Cecilio Pena," the defendants, together with others known and unknown, unlawfully, willfully, and knowingly, would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, said financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, the defendants defrauded Citibank and Bank of America (formerly Fleet Bank), among other banks, by depositing into accounts at those banks proceeds from a stolen check, in violation of Title 18, United States Code, Section 1344.

OVERT ACTS

3.    In furtherance of the conspiracy and to effect the illegal object thereof, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," CHRISTINE RICHARDSON, and TOYBE BENNETT, a/k/a "Dmitriy Makarevich," a/k/a "Dmitriy Makarvish," a/k/a "Eduardo Rodrigues," a/k/a "Cecilio Pena," the defendants, committed the following overt acts, among others, in the Southern

3

District of New York and elsewhere:

a.    In or about March 2004, a check in the amount of approximately $775,000 (the "Check") was stolen in New York, New York.

b.    On or about March 12, 2004, TOYBE BENNETT deposited the Check into a Morgan Stanley account (the "Morgan Stanley Account").

c.    Between on or about July 26, 2004, and on or about August 10, 2004, CHRISTINE RICHARDSON deposited into her own Citibank account approximately four checks drawn from the Morgan Stanley Account, in the total aggregate amount of approximately $200,000.

d.    Between on or about July 28, 2004, and on or about August 16, 2004, NATASHA SINGH deposited approximately four checks drawn from the Citibank account of her mother, CHRISTINE RICHARDSON, in the total aggregate amount of approximately $180,000, into the Bank of America (formerly Fleet) account of Douglas NY Five Star Coffee, a business SINGH co-owned with DOUGLAS SHYNE.

COUNT TWO
(Stolen Goods Conspiracy)

The Grand Jury further charges:

4.    In or about November 2004, in the Southern District of New York and elsewhere, TOYBE BENNETT, a/k/a "Dmitriy"

4

Makarevich," a/k/a "Dmitriy Makervish," a/k/a "Eduardo
Rodrigues," a/k/a "Cecilio Pena," and ROBERTO MONTGOMERY, the
defendants, and others known and unknown, unlawfully, willfully,
and knowingly did combine, conspire, confederate, and agree
together and with each other to commit offenses against the
United States, to wit, to violate Title 18, United States Code,
Section 2315.

5.   It was a part and an object of the conspiracy that
TOYBE BENNETT, a/k/a "Dmitriy Makarevich," a/k/a "Dmitriy
Makervish," a/k/a "Eduardo Rodrigues," a/k/a "Cecilio Pena," and
ROBERTO MONTGOMERY, the defendants, and others known and unknown,
unlawfully, willfully, and knowingly, would and did receive,
possess, conceal, store, barter, sell and dispose of goods,
wares, merchandise, securities, and money of the value of $5,000
and more, which have crossed a State boundary after being stolen,
unlawfully converted, and taken, knowing the same to have been
stolen, unlawfully converted, and taken, to wit, BENNETT,
MONTGOMERY, and others used a counterfeit check to purchase at
least approximately three vehicles in Florida, which subsequently
were brought to New York, in violation of Title 18, United States
Code, Section 2315.

OVERT ACTS

6.   In furtherance of the conspiracy and to effect the
illegal object thereof, TOYBE BENNETT, a/k/a "Dmitriy
Makarevich," a/k/a "Dmitriy Makervish," a/k/a "Eduardo

Rodrigues," a/k/a "Cecilio Pena," and ROBERTO MONTGOMERY, the
defendants, committed the following overt acts, among others, in
the Southern District of New York and elsewhere:

a. In or about November 2004, TOYBE BENNETT sent a
counterfeit check in the amount of approximately $277,000 to Euro
Motor Sports in Fort Lauderdale, Florida for the purchase of
approximately three vehicles.

b. In or about November 2004, ROBERTO MONTGOMERY
picked up one of the vehicles at Euro Motor Sports that had been
purchased with the counterfeit $277,000 check.

c. In or about November 2004, at least one of the
vehicles purchased with the counterfeit check was brought to New
York, New York.

(Title 18, United States Code, Section 371.)

COUNT THREE

(Bank Fraud Conspiracy)

The Grand Jury further charges:

7. In or about June 2005, in the Southern District of New
York and elsewhere, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris
Rodrigues," CHRISTINE RICHARDSON and NATHANIEL SHYNE, the
defendants, together with others known and unknown, unlawfully,
willfully, and knowingly did combine, conspire, confederate, and
agree together and with each other to commit an offense against
the United States, to wit, to violate Title 18, United States
Code, Section 1344.

8.    It was a part and an object of the conspiracy that DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," CHRISTINE RICHARDSON, and NATHANIEL SHYNE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly, would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, said financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, the defendants defrauded Commerce Bank and Citibank, among other banks, by depositing counterfeit checks and proceeds from such checks into accounts at those banks, in violation of Title 18, United States Code, Section 1344.

OVERT ACTS

9.    In furtherance of the conspiracy and to effect the illegal object thereof, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," CHRISTINE RICHARDSON and NATHANIEL SHYNE, the defendants, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.    On or about June 8, 2005, a counterfeit check for approximately $180,000 was deposited into the Commerce Bank account of NATHANIEL SHYNE, located in New York, New York.

b.    On or about June 9, 2005, NATHANIEL SHYNE issued

approximately two checks drawn from his Commerce Bank account to CHRISTINE RICHARDSON in the total aggregate amount of approximately $135,000, which checks were deposited into RICHARDSON's Citibank account.

(Title 18, United States Code, Section 1349.)

## COUNT FOUR

(Bank Fraud Conspiracy)

The Grand Jury further charges:

10. From at least in or about July 2005 through in or about August 2005, in the Southern District of New York and elsewhere, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," and NATHANIEL SHYNE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1344.

11. It was a part and an object of the conspiracy that DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," and NATHANIEL SHYNE, the defendants, together with others known and unknown, unlawfully, willfully, and knowingly, would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, said financial

8

institution, by means of false and fraudulent pretenses,
representations, and promises, to wit, the defendants defrauded
Bank of America and Commerce Bank, among other banks, by
depositing counterfeit checks and proceeds from such checks into
accounts at those banks, in violation of Title 18, United States
Code, Section 1344.

OVERT ACTS

12.  In furtherance of the conspiracy and to effect the
illegal object thereof, DOUGLAS SHYNE, NATASHA SINGH, a/k/a
"Beatris Rodrigues," and NATHANIEL SHYNE, the defendants,
committed the following overt acts, among others, in the Southern
District of New York and elsewhere:

a.  On or about July 25, 2005, a co-conspirator not
named as a defendant herein ("CC-2") deposited into CC-2's Bank
of America account approximately two counterfeit checks in the
total aggregate amount of approximately $153,000.

b.  In or about August 2005, CC-2 issued approximately
six checks drawn from CC-2's Bank of America account to a
business co-owned by NATASHA SINGH and DOUGLAS SHYNE, in the
total aggregate amount of approximately $73,500.

c.  In or about August 2005, CC-2 issued approximately
three checks drawn from CC-2's Bank of America account to
NATHANIEL SHYNE, in the total aggregate amount of approximately
$21,550, which were deposited into NATHANIEL SHYNE's Commerce

9

Bank account, located in New York, New York.

(Title 18, United States Code, Section 1349.)

COUNT FIVE
(Bank Fraud)

The Grand Jury further charges:

13.   From in or about December 2003 through in or about November 2004, in the Southern District of New York and elsewhere, NATASHA SINGH, a/k/a "Beatris Rodrigues," the defendant, unlawfully, willfully, and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of such financial institution, by means of false and fraudulent pretenses, representations and promises, to wit, NATASHA SINGH defrauded First National Bank of Omaha, among other banks, by using a credit card and checks under the fictitious identity of "Beatris Rodrigues," drawn on First National Bank of Omaha accounts.

(Title 18, United States Code, Sections 1344 and 2.)

COUNT SIX
(Money Laundering Conspiracy)

The Grand Jury further charges:

14.   The allegations set forth in paragraph 3 are repeated and realleged as if set forth fully herein.

15.    From at least in or about December 2003 through in or about August 2005, in the Southern District of New York and elsewhere, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," CHRISTINE RICHARDSON, and TOYBE BENNETT, a/k/a "Dmitriy Makervtvich," a/k/a "Dmitriy Makervish," a/k/a "Eduardo Rodrigues," a/k/a "Cecilio Pena," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(1)(B)(i).

16.    It was a part and an object of the conspiracy that in or about December 2003 through in or about August 2005, in the Southern District of New York and elsewhere, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," CHRISTINE RICHARDSON, and TOYBE BENNETT, a/k/a "Dmitriy Makervtvich," a/k/a "Dmitriy Makervish," a/k/a "Eduardo Rodrigues," a/k/a "Cecilio Pena," the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions, which in fact involved proceeds of specified unlawful activity, to wit, bank fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the

11

ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

OVERT ACTS

17.   In furtherance of the conspiracy and to effect the illegal object thereof, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," CHRISTINE RICHARDSON, and TOYBE BENNETT, a/k/a "Dmitriy Makarevich," a/k/a "Dmitriy Makervish," a/k/a "Eduardo Rodrigues," a/k/a "Cecilio Pena," the defendants, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   From on or about July 26, 2004, through on or about August 10, 2004, approximately four checks, totalling approximately $200,000, drawn from the Morgan Stanley Account opened by TOYBE BENNETT, were deposited into the Citibank account of CHRISTINE RICHARDSON.

b.   From on or about July 28, 2004, through on or about August 16, 2004, approximately four checks, totalling approximately $180,000, drawn from the Citibank account of CHRISTINE RICHARDSON, were deposited into the Bank of America (formerly Fleet) account of Douglas NY Five Star Coffee, a business co-owned by NATASHA SINGH and DOUGLAS SHYNE.

c.   On or about April 26, 2004, a check in the amount of approximately $87,600, drawn from the Morgan Stanley Account opened by TOYBE BENNETT, was deposited into the Citibank account

of a co-conspirator not named as a defendant herein ("CC-3").

d.  On or about May 12, 2004, a check in the amount of approximately $47,230, drawn from CC-3's Citibank account, was deposited into the Bank of America (formerly Fleet) account of Douglas NY Five Star Coffee, a business co-owned by NATASHA SINGH and DOUGLAS SHYNE.

e.  On or about June 2, 2004, a check in the amount of approximately $35,000, drawn from CC-3's Citibank account, was deposited into the Bank of America (formerly Fleet) account of Douglas NY Five Star Coffee, a business co-owned by NATASHA SINGH and DOUGLAS SHYNE.

COUNT SEVEN
(Money Laundering Conspiracy)

(Title 18, United States Code, Section 1956(h).)

The Grand Jury further charges:

20.  From at least in or about June 2005 through in or about August 2005, in the Southern District of New York and elsewhere, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," CHRISTINE RICHARDSON, and NATHANIEL SHYNE, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(1)(B)(i).

21.  It was a part and an object of the conspiracy that in or about June 2005 through in or about August 2005, in the

12

Southern District of New York and elsewhere, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," CHRISTINE RICHARDSON, and NATHANIEL SHYNE, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions, which in fact involved proceeds of specified unlawful activity, to wit, bank fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

OVERT ACTS

22.    In furtherance of the conspiracy and to effect the illegal object thereof, DOUGLAS SHYNE, NATASHA SINGH, a/k/a "Beatris Rodrigues," CHRISTINE RICHARDSON, and NATHANIEL SHYNE, the defendants, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.    On or about June 8, 2005, a counterfeit check for approximately $180,000 was deposited into the Commerce Bank account of NATHANIEL SHYNE, located in New York, New York.

b.    On or about June 9, 2005, NATHANIEL SHYNE issued approximately two checks drawn from his Commerce Bank account to

13

CHRISTINE RICHARDSON, in the total aggregate amount of approximately $135,000.

c.    On or about July 25, 2005, a co-conspirator not named as a defendant herein ("CC-2") deposited into CC-2's Bank of America account approximately two counterfeit checks in the total aggregate amount of approximately $153,000.

d.    In or about August 2005, CC-2 issued approximately six checks drawn from CC-2's Bank of America account to a business co-owned by NATASHA SINGH and DOUGLAS SHYNE, in the total aggregate amount of approximately $73,500.

e.    In or about August 2005, CC-2 issued approximately three checks drawn from CC-2's Bank of America account to NATHANIEL SHYNE, in the total aggregate amount of approximately $21,550.

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATION

23.    As a result of committing one or more of the foregoing offenses alleged in Counts One, Three, Four and Five of this Indictment, DOUGLAS SHYNE and NATASHA SINGH, a/k/a "Beatris Rodrigues," the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the fraud offenses, including but not limited to all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 708

14

15

Meade Court, Williamstown, NJ 08094.

<u>Substitute Assets Provision</u>

24.  If the above-described forfeitable property, as a
result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due
diligence;

(b) has been transferred or sold to, or deposited with,
a third person;

(c) has been placed beyond the jurisdiction of the
Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §
982(b), to seek forfeiture of any other property of said
defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1344.)

FOREPERSON

MICHAEL J. GARCIA
United States Attorney

*Nov. 9, 2005*

*Filed superceding indictment in S1 05 Cr 1067 (KMK)*

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

– v. –

**DOUGLAS SHYNE, NATASHA SINGH,**
**a/k/a "Beatriz Rodrigues," CHRISTINE**
**RICHARDSON, NATHANIEL SHYNE,**
**TOYBE BENNETT, a/k/a "Dmitriy Makarevich,"**
**a/k/a "Dmitriy Makervish," a/k/a "Eduardo**
**Rodrigues," a/k/a "Cecilio Pena," and**
**ROBERTO MONTGOMERY,**

**Defendants.**

**SUPERSEDING INDICTMENT**

S1 05 Cr. 1067 (KMK)

(Title 18, United States Code, Sections 2, 371, 1344, 1349,
2315, 1956(a)(1)(B)(i), 1956(h).)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

Foreperson.