UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- --x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| - v. - | : |
| | : |
| DOUGLAS SHYNE, | : |
| NATASHA SINGH, | : |
|    a/k/a "Dirty Rodrigues," | : |
| NATHANIEL SHYNE, | : |
| TOYBE BENNETT, | : |
|    a/k/a "Dmitriy Makarevich," | CASE NO.: S4 05 CR 1067 |
| | **ELECTRONICALLY** |
| | **FILED** |
| (KMK) | |
|    a/k/a "Dmitriy Makervish," | : |
|    a/k/a "Eduarado Rodrigues," | : |
|    a/k/a "Cecilio Pena," | : |
| ROBETO MONTGOMERY, | : |
| EPHRAIM RICHARDSON, | : |
| NARESH PITAMBAR, | : |
| JASON WATLER, | : |
| STEVEN RIDDICK, | : |
| NATHANIEL ALEXANDER, and | : |
| TIMOTHY MONTGOMERY, | : |
| | : |
|      Defendants. | : |

-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- --x

## MOTION FOR PRETRIAL DISCOVERY AND
## ADJUDICATION OF CO-CONSPIRATOR STATEMENTS

NOW COMES the Defendant, Timothy Montgomery, by counsel, and submits this Motion for Pretrial Discovery and Adjudication of Co-conspirator statements. Defendant Montgomery specifically seeks 1) identification by the United States of all statements which it intends to elicit at trial which will be offered as co-conspirator statements, and 2) pretrial adjudication by this Court as to the admissibility of those statements. Defendant Montgomery believes that pretrial adjudication of co-conspirator statements will conserve judicial resources and ensure that these statements are thoroughly considered outside the presence of the jury. In

support of this Motion, the Defendant offers the following points and authorities, as well as additional points and authorities which it may offer at a hearing on this motion.

**I.      Statement of Facts**

Defendant Timothy Montgomery is one of 11 defendants charged in this bank fraud and money laundering conspiracy case.  He is alleged to have received several altered or counterfeit checks from a co-conspirator and attempted to convert those checks into money for his personal use.  The government alleges that the checks were altered in New York and sent to Mr. Montgomery or his designees in Virginia.  The sole link between defendant Montgomery and the New York conspirators is a man named Anthony Prince, who the government alleges arranged for the checks to be sent to defendant Montgomery by the New York conspirators.  Mr. Prince is a two-time drug felon who will testify pursuant to a cooperation agreement with the United States.

Defendant Montgomery allegedly received three checks through Mr. Prince pursuant to this conspiracy.  Each of those three checks was rejected by the bank to which it was offered. The United States alleges that Mr. Montgomery received $20,000 from Steve Riddick, a co-conspirator who had successfully cashed a counterfeit check, and that Marion Jones, classified in the Indictment as a "close associate" of defendant Montgomery, received $25,000 from Nathaniel Alexander, another co-conspirator.  These are the only occasions on which the United States alleges that Defendant Montgomery received any of the proceeds of this alleged conspiracy. Those amounts pale in comparison to the hundreds of thousands of dollars obtained by co-conspirators in New York and elsewhere.

While the United States has not yet provided the charged defendants with witness statements or grand jury testimony, we believe that the United States may seek to introduce statements by various co-conspirators about the activities of other co-conspirators.  The United States will likely argue that such statements are admissible pursuant to Fed. R. Evid. 801(d)(2)(E)

as co-conspirator statements. If this Court accepts that argument and admits co-conspirators' statements, those statements will be admissible against all charged defendants.

II.     **Argument**

      A.     **Overview: Coconspirator Statements**

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). While the rule against hearsay generally applies, Rule 801(d)(2)(E) provides a "co-conspirators' statement" exception to the rule. The rule specifically provides that a statement is not hearsay if it is "offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

To satisfy the requirements of the co-conspirators' statements exception to the hearsay rule, the United States must show "(1) that there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy." United States v. Diaz, 176 F.3d 52, 83 (2nd Cir. 1999) (quoting United States v. Tracy, 12 F.3d 1186, 1196 (2d Cir.1993) (citing Bourjaily v. United States, 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987)). Because "these hearsay statements are presumptively unreliable," the Second Circuit requires that "there must be some independent corroborating evidence of the defendant's participation in the conspiracy" for such statements to be admissible. Id. (citing United States v. Tellier, 83 F.3d 578, 580 (2d Cir.1996)). In adjudicating co-conspirators' statements, courts apply a preponderance of the evidence standard of admissibility.

      B.     **The Government Should Provide Pretrial Disclosure of Any and All Coconspirator Statements**

Given the inherent unreliability of co-conspirator statements and the minor role that Defendant Montgomery allegedly played within the charged conspiracy, the government should provide pretrial disclosure of any and all co-conspirator statements. "A conspiracy case carries

with it the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants . . . . In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact." United States v. Gallo, 654 F. Supp. 463, 466 (E.D.N.Y. 1987)(quoting Dennis v. United States, 384 U.S. 855, 873 (1966)). To ensure that criminal trials comport with well-founded principles of fairness and due process, federal courts have ensured a defendant's right to thorough pretrial discovery. "Pretrial discovery is an especially important tool in ensuring that both sides of such a complex case are well prepared for trial, and in clarifying for the court as well as the parties the allegations, questions, and burdens of proof that are to be issues of dispute at trial." Id. Not only is pretrial discovery more efficient, but it also "protects defendants from elements of surprise that can have an inordinately prejudicial effect on the outcome of the case." Id.

Although "[t]he general rule is that Rule 16 does not encompass the statements made by alleged coconspirators," United States v. Murgas, 967 F. Supp. 695, 713 (N.D.N.Y. 1997)(citing United States v. Percevault, 490 F.2d 126, 130-31 (2d Cir. 1974)), some courts have held that "statements of coconspirators made during the course of and in furtherance of a conspiracy that are attributable to a defendant are discoverable by that defendant." Id.; see also 9A Fed. Proc., L. Ed. § 22:1185. The discoverability of co-conspirator statements has been based on their similarity to a defendant's own statements, which are admissible pursuant to Fed. R. Crim. P. 16(a). Because co-conspirators statements may be admitted against the accused as if they were the accused own statements, "they should be deemed statements made by the defendant under FED. R. CRIM. P. 16." Id.[1]

---

[1] Discovery of offered co-conspirator statements by declarants that the government does not intend to call as trial witnesses is particularly problematic and provides an additional reason for pretrial disclosure. See United States v. Crouse, 227 F.R.D. 36, 39-40 (N.D.N.Y. 2005); United States v. Murgas, 967 F. Supp. 695, 713 (N.D.N.Y. 1997). Again, it is unclear to defendant Montgomery if the United States seeks to offer co-conspirator statements, and if so whether the declarants of such statements will testify in this trial.

Defendant Montgomery's minor role in the charged conspiracy makes the admission of co-conspirator statements against him particularly prejudicial. The evidence of defendant Montgomery's awareness of the counterfeit nature of these checks will come strictly from witness testimony. Again, he received a small number of checks and ultimately received a relatively small sum of money. His role in the conspiracy was consequently minor, compared to the more substantial conduct of the all of his co-defendants. Like the defendant in Gallo, his relatively minor role and the inherent unreliability of co-conspirators' statements makes such statements "disproportionately prejudicial relative to [his] role in the conspiracy." Gallo, 654 F. Supp. at 476.

The trial court in Murgas observed that in the interest of fairness and efficiency, "[t]he government is encouraged, but not required, to disclose any statements made by co-conspirators who are prospective witnesses,' at least a reasonable time before trial." Murgas, 967 F. Supp. at 715. In Gallo, the trial court applied similar reasoning and observed that "[p]retrial disclosure of conspirators' declarations which the government plans to introduce at trial as the defendant's own would substantially temper the possibility of unfair prejudice." 654 F. Supp. at 477; see also United States v. Agnello, 367 F.Supp. 444, 448 (D.C.N.Y. 1973) (allowing pretrial discovery of coconspirator statements and explaining that "[u]nquestionably these statements are detrimental to a defendant's case in that they can be damaging while the defendant may be completely unaware of their existence.").

This Court should follow Murgas and Gallo and order pretrial disclosure of any co-conspirators' statements in the instant case. Without being familiar with the statements that will be offered against him, Defendant Montgomery is at a distinct and unfair disadvantage. He will be unable to adequately challenge the admissibility of these unreliable, prejudicial statements until they are identified and offered by the United States. Given this Court's stated restriction on bench conferences, Defendant Montgomery will be unable to adequately rebut the government's position that the statements are properly admissible when they are offered in the midst of a

witness' direct testimony.  Conversely, pretrial identification and adjudication will give the Court the benefit of full confrontation and argument before these statements are brought before the jury.  Questions about whether the declarant is a co-conspirator and whether the statement furthers the goals of the conspiracy are complicated and fact-bound.  Attempting to adjudicate the admissibility of these statements in the context of a direct examination without the ability to approach the bench would be a significant disadvantage to defendant Montgomery.

Accordingly, Defendant Montgomery requests that this Court require the Government to provide disclosure of any and all co-conspirator statements in advance of trial.  Upon receipt of such disclosure, Defendant Montgomery may object to specific statements as they do not satisfy the strict requirements of the co-conspirators' statements objection.  In that event, we will seek this Court's involvement in adjudicating the admissibility of these statements before they are elicited from witnesses in open court.  We suggest that such adjudication take place before opening statements in the case, so that the United States and all charged defendants have clear notice as to which of these statements will be admitted from the outset of the trial.

Wherefore, the defendant Timothy Montgomery respectfully moves this Court to require pretrial identification and adjudication of co-conspirators' statements.

    Respectfully submitted,

    TIMOTHY MONTGOMERY

    By_____/s/_____
    Robert J. McFarland, Esq.
    McGuireWoods LLP
    101 W. Main Street
    Suite 9000
    Norfolk, VA  23510
    757-640-3716
    *Attorney for Defendant*
    *Timothy Montgomery*

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2007, I caused a copy of the foregoing Motion for Pretrial Discovery and Adjudication of Co-Conspirator Statements by Defendant Timothy Montgomery to be served via Clerk's Notice of Electronic Filing upon the following attorneys, who are filing users in this case:

| | |
|---|---|
| Danya Perry, Assistant U.S. Attorney<br>United States Attorney's Office<br>One Saint Andrew's Plaza<br>New York, NY  10007 | Denis Patrick Kelleher, Jr., Esquire<br>Kelleher & Dunne LLP<br>17 Battery Place, 11th Fl.<br>New York, NY 10004 |
| Daniel Steven Parker, Esquire<br>Parker & Carmody, LLP<br>1350 Broadway, Suite 1400<br>New York, NY 10018 | Xavier Robert Donaldson, Esquire<br>Donaldson, Chilliest & McDaniel, LLP<br>103 East 125th Street<br>New York, NY 10035 |
| George Robert Goltzer, Esquire<br>200 West 57th Street, Suite 900<br>New York, NY 10019 | Neil Stephen Cartusciello, Esquire<br>2 West Main Street<br>Mendham, NJ 07945 |
| David L Lewis, Esquire<br>Lewis & Fiore<br>225 Broadway, Suite 3300<br>New York, NY 10006 | Thomas Hamilton Nooter, Esquire<br>Freeman Nooter & Ginsberg<br>30 Vesey Street, Suite 100<br>New York, NY 10007 |
| Harvey Fishbein, Esquire<br>61 Broadway, Suite 1601<br>New York, NY 10006 | Susan Vicki Tipograph, Esquire<br>350 Broadway, Suite 700<br>New York, NY 10013 |

/s/
Robert W. McFarland

\4504495.1