UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,                                    S4 05 Cr. 1067 KMK

    v.                                               DECLARATION IN SUPPORT OF
                                                     MOTION PURSUANT TO RULE 33
ROBERTO MONTGOMERY, et al.,                                  FEDERAL RULES OF CRIMINAL
        Defendants.                                      PROCEDURE.
-----------------------------------------------------------X

    PLEASE TAKE NOTICE, that the defendant ROBERTO MONTGOMERY, by his attorney THOMAS H. NOOTER, ESQ., herewith submits the annexed Declaration of Counsel in support of his previously-filed Motion pursuant to Rule 33 of the Federal Rules of Criminal Procedure to dismiss the remaining charge on the basis of newly-discovered evidence.

Dated: New York, New York
       November 19, 2007

                                                          Yours,

                                                          */s/ Thomas H. Nooter*
                                                          THOMAS H. NOOTER, ESQ.
                                                          Attorney for Defendant
                                                          Freeman, Nooter & Ginsberg
                                                          30 Vesey Street, Suite 100
                                                         New York, NY 10007
                                                         (212) 608-0808
                                                         Fax: (212) 962-9696
                                                         Email: thnooter@cs.com

TO:   Clerk of the Court, S.D.N.Y.
         Office of the United States Attorney
             for the Southern District of New York
               Attention: AUSA Danya Perry, Esq.,
               and AUSA Daniel Levy, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA, | S4 05 Cr. 1067 KMK |
| v. | |
| ROBERTO MONTGOMERY, et al., | DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO DISMISS |
| Defendants. | PURSUANT TO RULE 33. |

-----------------------------------------------------------X

    THOMAS H. NOOTER, ESQ., being an attorney duly admitted to the practice of law in the States of New York and California and in the Courts of the United States, does hereby affirm under penalties of perjury and pursuant to 28 U.S.C. § 1765 that the following is true:

    1. I am the attorney for the defendant ROBERTO MONTGOMERY herein, and as such I am fully familiar with the facts and circumstances stated herein.

    2. I make this declaration on personal knowledge of the evidence and testimony presented at the trial in this matter, having been the attorney who represented the defendant throughout the trial.

    3. I make this declaration in support of my previously-submitted motion to dismiss the one charge remaining against my client based on the newly-discovered evidence that Natasha Singh had been involved in other fraudulent activity which was not made known to the defense at trial.

    4. The testimony of Natasha Singh was key to the conviction of Mr. Montgomery on the one count of conspiracy to receive goods stolen by use of a counterfeit check which crossed state lines in violation of 18 U.S.C. § 371 with respect to the government's obligation to prove

"knowledge and intent" by the defendant with respect to his participation in the alleged conspiracy. Without her testimony the government would have shown no more than that the defendant carried checks in a package down to the car dealership in Florida, and picked up a car and drove it back to New York, where it was turned over to Toybe Bennett. There was no direct evidence that Mr. Montgomery had knowledge that the car he drove was being purchased using stolen funds (in the form of a counterfeit check sent to the dealership prior to Mr. Montgomery's trip to pick up the car) or that the checks he brought to the dealership in a Fed-Ex type package for the purpose of purchasing other cars were the result of fraud (T. 1556-1561). Morales claimed that Mr. Montgomery signed one of the bills of sale (Gov't. Exhibit 96) in his presence at the dealership for the three cars, but there was no testimony from him that Mr. Montgomery knew the funds for the purchase of the cars originated with a stolen or counterfeit check. Not even Natasha Singh testified that Mr. Montgomery was present during any discussions of the fraudulent source of the funds or that he physically signed or prepared any checks. Singh, however, did testify about conversations she claimed to have overheard between the defendant and other alleged co-conspirators while he was driving back to New York from Florida, and she also testified that Mr. Montgomery parked the car in Manhattan after bringing it from Florida (thereby adding the only evidence of a Southern District nexus for venue purposes) (T. 287).

     5. Natasha Singh's testimony on these points is reproduced here (from trial transcript of April 16, 2007, page 284 et seq.):

```
12    Q.  Were you aware of some cars that were purchased with a
13        counterfeit check involving Mr. Shyne?
14    A.  Yes.
15    Q.  What did you recall?  What did Mr. Shyne tell you, if
```

```
16    anything, about this counterfeit check?
17    A.  Just that they purchased some car -- Toybe purchased a car
18    on their, Dmitriy Makarevich, and there was problems bringing
19    the car, on a timely basis, to New York.  So, they had to get
20    somebody to go over there to bring one of the cars.
21    Q.  Did Mr. Shyne tell you who went to go get one of the cars?
22    A.  Yes.
23    Q.  Who was that?
24    A.  It was Butch.
```

(There was testimony that the defendant's nick-name was "Butch."). She also testified as follows, concerning the trip back (from Trial, p. 285-286):

```
14    Q.  You said earlier there was a problem getting the car back
15    on a timely basis.  What do you mean by that?
16    A.  Well, the arrangement they had was for the truck to bring
17    the cars but the truck had broken down somewhere along the line
18    so it delayed the car maybe a day or two.  And they were
19    getting nervous because they wanted to sell the car fast before
20    the check comes back.
21         So, they decided to get Butch to go get the car.
22    Q.  Are you aware of how Mr. Montgomery went down to Florida to
23    pick up the car?
24    A.  No.  I heard Douglas talking about -- Douglas talking to
25    Toybe on the phone about taking a flight but I don't know what
                                                              286
      74G5MON4                 Singh - direct
 1    decision they made after that.
 2    Q.  Were you present during any communications with
 3    Mr. Montgomery while he was on, at any point during his trip to
 4    Florida to pick up the car?
```

```
 5    A.   Yes.  I was home, Douglas was home, and he called Toybe and
 6         they called Toybe and returned the call to Butch to ask where
 7         are you?  Have you left yet?  And, during the course of his
 8         trip they were communicating with him.
...
13    Q.   Did you hear Mr. Shyne giving any instructions to
14         Mr. Montgomery while he was on route?
15    A.   Yes; telling him to hurry up and get back here fast.  Just
16         don't go hang out with the car.  Just hurry up and get back
17         here.
```
(T. 286-287).

This testimony was elicited in an attempt to show that Mr. Montgomery had knowledge of the illegal nature of his actions because he was being told to get back to New York fast, before anyone would discover that the check used to buy the car (and two others) was not a good check.

    6. The case against Mr. Montgomery on the stolen car conspiracy was entirely circumstantial, and thus every circumstance offered by the government, if believed by the jury, was important as to whether Mr. Montgomery had the requisite intent and knowledge to support a conviction. In this case, as we have argued in a still-pending motion made pursuant to Rule 29 of the Federal Rules of Criminal Procedure, Mr. Montgomery argues that the evidence was insufficient even including the testimony of Natasha Singh. However, if the testimony of Natasha Singh is removed, there is almost no evidence whatsoever from which it can be said that Mr. Montgomery had knowledge and intent, or that the conspiracy had a sufficient nexus to the Southern District of New York to support a finding of venue.

    7. The defendant relies on all of the submissions previously made by co-counsel with respect to the facts of the withholding of evidence by the government concerning certain

fraudulent transactions by the witness, Natasha Singh, and on the legal arguments submitted with respect to the necessity of a new trial.

WHEREFORE, I respectfully request that the Court grant a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure if, and only if, the Court does not dismiss the sole count of conviction pending against Mr. Montgomery pursuant to Rule 29 of the Federal Rules of Criminal Procedure, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 19, 2007

                                */s/ Thomas H. Nooter*
                                THOMAS H. NOOTER
                                Attorney for Defendant Roberto Montgomery